IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

Case No. 1:25-cv-08451

IMAGE PROFESSIONALS GMBH d/b/a
STOCKFOOD,

    Plaintiff,

v.

DOORDASH, INC.,

    Defendant.

## COMPLAINT

Plaintiff Image Professionals GmbH d/b/a StockFood ("Plaintiff") sues defendant DoorDash, Inc. ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a "Gesellschaft mit beschränkter Haftung" (the functional equivalent of a limited liability company under US law) organized and existing under the laws of the Federal Republic of Germany with its principal place of business located in Munich, Germany.

2. Defendant is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 303 2nd Street, South Tower, Suite 800, San Francisco, CA 94107. Defendant's agent for service of process is CT Corporation System, 330 N Brand Blvd, Suite 700, Glendale CA 91203.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it

would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant in a copyright action 'may be found' in a district where he is subject to the district court's personal jurisdiction." Martino v. Orchard Enters., No. 20 C 2267, 2020 U.S. Dist. LEXIS 199687, at *18 (N.D. Ill. Oct. 27, 2020); see also Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991) ("Thus, if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.").

## FACTS

### I. Plaintiff's Business

6. Originally started in 1979 as StockFood GmbH, Plaintiff's goal was to create the largest premium collection of food images on the international photography market. Today, Plaintiff has amassed the world's largest collection of professional food images, videos, and recipes, with approximately 1 million images offered from a collection of 1,500 different photographers.

7. Such content is offered for license on Plaintiff's StockFood website (https://usa.stockfood.com/). In 2019, Plaintiff was renamed to Image Professionals GmbH to account for its expansions into libraries beyond food photography and the provision of services to image professionals throughout the world.

8. Plaintiff's image library was previously made available for license in the United States through its wholly-owned subsidiary, StockFood America, Inc. ("StockFood America"). In November 2020, however, Plaintiff and StockFood America entered into a Rights Transfer and Stock Purchase Agreement whereby StockFood America assigned and transferred to Plaintiff all of its copyrighted materials and registrations, including the work(s) at issue herein and their

corresponding registrations with the Register of Copyrights.

**II.     The Work at Issue in this Lawsuit**

9.     One of Plaintiff's professional contributor photographers created a photograph titled "00045149" (the "<u>Work</u>"). A copy of the Work is displayed below:



10.     The Work was registered by StockFood America with the Register of Copyrights on June 9, 2006 and was assigned Registration No. VA 1-341-954. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **<u>Exhibit "A."</u>**

11.     For all times relevant to this action, Plaintiff and the subject contributor photographer(s) were parties to one or more written agreements whereby such photographer(s) conveyed to Plaintiff certain exclusive rights in the Work, including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing.  Such written agreement(s) likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreement(s) or thereafter.  Such written agreement(s) likewise authorize Plaintiff (or its wholly-owned subsidiary, StockFood America) to register any of the contributor

photographer(s)' photographs with the US Copyright Office (with Plaintiff as the claimant) to the extent such contributor photographer(s) have not already done so. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

### III. Defendant's Unlawful Activities

12. Defendant is a technology company that primarily operates in the local commerce sector. Defendant's main activities involve connecting consumers with local businesses through its digital platform, facilitating the discovery, engagement, and purchase of goods from local merchants.

13. Defendant's products and services are used across various industries, including restaurants, convenience stores, pet stores, and grocery stores.

14. Defendant enables merchants to establish an online presence, expand their reach, and fulfill customer orders, while providing consumers with access to a wide variety of local businesses.

15. Defendant advertises/markets its business through its website (https://www.doordash.com/), social media (e.g., https://www.facebook.com/DoorDash/, https://www.instagram.com/doordash, https://x.com/doordash), and other forms of advertising.

16. Lettuce Entertain You Enterprises, Inc. d/b/a Mon Ami Gabi ("Lettuce Entertain You Enterprises") is a corporation that owns, manages, and licenses over 100 restaurants across the United States.

17. At all times material hereto, Defendant and Lettuce Entertain You Enterprises maintained a contractual relationship whereby Defendant created one or more webpages (on www.doordash.com) which allowed consumers to place orders for delivery of food from various of Lettuce Entertain You Enterprises' restaurants. Relevant hereto, one such restaurant for which Defendant created a webpage is Mon Ami Gabi, a French restaurant in Chicago, Illinois.

4
COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

18. On a date after the above-referenced copyright registration of the Work, Defendant displayed and/or published the Work on the webpage Defendant created for Mon Ami Gabi as a means of advertising, promoting, and/or marketing Defendant/Lettuce Entertain You Enterprises' business (at https://www.doordash.com/store/mon-ami-gabi-chicago-11085/45792747/?srsltid=AfmBOopLAOC1lY6D1poR7MAKo6-5KD94BF4C_USy5OfL3faHuiFLEBGK):





19. A true and correct copy of screenshots of Defendant's website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

20. Defendant is not and has never been licensed to use or display the Work. Defendant

never contacted Plaintiff to seek permission to use the Work in connection with its website, webpage, social media, or for any other purpose.

21. Defendant utilized the Work for commercial use.

22. Upon information and belief, Defendant located a copy of the Work on the internet and rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

23. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work on December 6, 2024.

24. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

25. Plaintiff re-alleges and incorporates paragraphs 1 through 24 as set forth above.

26. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

27. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Work by the subject photographer(s) and/or registered the Work with the Register of Copyrights in Plaintiff's name).

28. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work for or on behalf of Lettuce Entertain You Enterprises.

29. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

30. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in

violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for commercial purposes. Defendant's infringement was either direct, vicarious, and/or contributory.

31. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("© 2025 DoorDash"), indicating that Defendant understands the importance of copyright protection and intellectual property rights and is actually representing that it owns each of the photographs published on its website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

32. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

33. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff

is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

34. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

35. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

36. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

Dated: July 23, 2025.                           COPYCAT LEGAL PLLC
                                                3111 N. University Drive
                                                Suite 301
                                                Coral Springs, FL 33065
                                                Telephone: (877) 437-6228
                                                dan@copycatlegal.com

                                                By: /s/ Daniel DeSouza____
                                                        Daniel DeSouza, Esq.